IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-02-171 (1) |
| | § | C.A. No. C-05-108 |
| DAVID ARTHUR HINOJOSA | § | |
| | § | |
| Defendant-Movant. | § | |

## ORDER SETTING EVIDENTIARY HEARING

Pending before the Court is David Arthur Hinojosa's ("Hinojosa") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was filed *pro se*. (D.E. 74).[1] Subsequent to the filing of his motion, Petitioner retained counsel, who has filed additional briefing on his behalf. Also before the Court is the government's response, which moves for the dismissal of Hinojosa's motion. (D.E. 86). Subsequent to the filing of the government's response, Hinojosa filed two additional motions through counsel. First, he filed a motion for leave to file a reply. (D.E. 89). Second, he filed a motion for leave to file additional recent case authority. (D.E. 91). Both of these motions are GRANTED. The Court has considered Hinojosa's reply, as well as the recent case authority filed by him. (D.E. 90, 91).

For the reasons set forth below, the Court withholds ruling at this time on all of Hinojosa's grounds for relief. As to his claim that he was denied effective assistance of counsel based on his counsel's failure to inform him, prior to his trial, that he could be subject to sentencing under the Armed Career Criminal Act ("ACCA"), the Court orders an evidentiary hearing.

---

[1]     Docket entry references are to the criminal case, CR. No. C-02-171.

## I.  JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

### A.      Offense Conduct[2]

On January 16, 2002, a federal search warrant was executed at Hinojosa's residence, where he lived with Linda Kay Sorsby.  The warrant was obtained based on information from several cooperating sources that methamphetamine was being stored at the residence.  In the master bedroom, agents located a standup safe.  Sorsby provided the safe's combination and agents unlocked it.  Inside, agents found a small bag that contained seven rounds of .45 caliber ACP ammunition.  Sorsby denied any knowledge of the ammunition.  Additionally, personal items belonging to Hinojosa were located in the safe.  An additional seven rounds of .380 caliber ACP ammunition was located in the dresser of a night stand.  Sorsby advised that the .380 ammunition was for a pistol that had been removed from the residence due to Hinojosa's parole status.  A loaded Bersa .380 caliber semi-automatic pistol was found in a truck registered to Sorsby.  Sorsby stated that the pistol belonged to an employee of Hinojosa.  No methamphetamine was found in the search.

### B.      Procedural History

On June 13, 2002, Hinojosa was charged in a single-count indictment with knowingly possessing ammunition while a convicted felon in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (D.E. 1).  He filed a motion to suppress, which was denied on August 9, 2002. (D.E. 22).  He was tried before a jury on August 15, 2002, and the jury returned a guilty verdict on the same date.  (D.E. 26-32).

---

[2]  The offense facts are taken from the Presentence Investigation Report ("PSR") at ¶ 4.

Sentencing occurred on November 22, 2002.  The Court found that Hinojosa's base offense level was 24, because he had two previous convictions for controlled substance offense.  (PSR at ¶ 10).  Additionally, the Court found that he was subject to an enhanced sentence under the provisions of the ACCA, because his criminal history included three previous convictions for a "serious drug offense," as that term is defined in 18 U.S.C. § 924(e)(2)(A).  Thus, pursuant to U.S.S.G. § 4B 1.4, his offense level was increased from 24 to 33. (PSR at ¶ 18).

Hinojosa had 14 criminal history points, establishing a criminal history category of VI.  (See PSR at ¶¶ 21-28).  Combined, his offense level and criminal history category resulted in a guideline range for a term of imprisonment of 235 to 293 months.  (PSR at ¶ 51).  The Court sentenced Hinojosa to serve 235 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $15,000 fine and a $100 special assessment.  (D.E. 62, 63).  Judgment was entered on December 2, 2004. (D.E. 63).  Hinojosa timely appealed (D.E. 64), and the Fifth Circuit affirmed in a per curiam opinion issued on October 21, 2003.  (D.E. 70; United States v. Hinojosa, 349 F.3d 200 (2003)).  Hinojosa petitioned the Supreme Court for a writ of certiorari, and his petition was denied on May 24, 2004.  Hinojosa v. United States, 541 U.S. 1070 (2004).  He timely filed the instant § 2255 motion on March 1, 2005. (D.E. 74).

### III.  MOVANT'S ALLEGATIONS

Hinojosa's § 2255 motion lists three grounds for relief.  (See D.E. 74 at 7-8). First, he claims that his trial counsel, Bill May, failed to advise him prior to trial that he could be sentenced under the ACCA.  He avers that, had he known of the potential punishment, he would have pleaded guilty instead of proceeding to trial.  Second, he argues that his appellate counsel was ineffective because he failed to raise an ineffective assistance of trial counsel claim.  Third, he argues that both trial and appellate counsel were ineffective in failing to object to the imposition of a sentence that he claims was greater

than the maximum set for the crime for which he was indicted and convicted.  In his initial motion, he argues that he was charged and convicted under Section 924(a)(2), but was sentenced under 924(e)(1), and that this was error.  He does not cite to either <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) or portions of Justice Thomas' dissent in <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1264 (2005) (suggesting that the "prior conviction exception" in <u>Booker</u> should be overruled because a majority of justices have now so held).  In his reply submitted through counsel, however, Hinojosa argues for relief under <u>Booker</u> and its companion case, <u>Fanfan</u>.  (D.E. 90 at pp. 8-11).

## IV.  ANALYSIS

Hinojosa's first claim is properly analyzed under the two-prong analysis set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>United States v. Willis</u>, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.   <u>Id</u>.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  <u>U.S. v. Dovalina</u>, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  <u>Armstead v. Scott</u>, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), <u>cert. denied</u>, 514 U.S. 1071 (1995); <u>Carter v. Johnson</u>, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Hinojosa avers in his motion that his attorney failed to inform him that he faced sentencing under the ACCA, and instead told him that the maximum sentence he faced if convicted was ten years.  He has also provided the affidavit of his live-in girlfriend, Linda Sorsby, who explains that

4

she was actively involved in Hinojosa's defense, and that she also relayed communications between Hinojosa and Mr. May. She testifies that Mr. May "never mentioned" the fact that Hinojosa could be subject to an enhanced sentence under the ACCA. She further avers that Mr. May told her that the maximum penalty Hinojosa faced was ten years. (D.E. 74 at Ex. C).

Hinojosa has also submitted an affidavit from Mr. May in support of his claim. Mr. May swears that "based on my personal belief that Mr. Hinojosa would not be found guilty by jury trial, I failed to advise him that he was subject to the Armed Career Criminal Act." (D.E. 74 at Ex. H).

There is also some support for Hinojosa's first claim in the sentencing record, primarily based on his counsel's comments at sentencing. (See generally S. Tr. at pp. 31-36). Specifically, at sentencing, the Court asked Hinojosa if he was aware of the possibility that he could be sentenced as an armed career offender, and he responded that he did not understand that and testified that it was not brought to his attention. (S. Tr. at 31-32). His counsel, Mr. May, then confirmed that he did not bring that possibility to his client's attention. (S. Tr. at 32). In a discussion with the Court, Mr. May explained that he discussed with Hinojosa that there was an "enormous punishment" he might be subject to, later explaining that he had said "over 20 years." But Mr. May said that he discussed "all that" with Mr. Hinojosa "after the trial was over with ... [but not] prior to the trial." (S. Tr. at 34). The Court then followed up:

> THE COURT: You didn't tell him he might be subject to this big a punishment prior to the trial?
>
> MR. MAY: No, I did tell him about the punishment prior to trial.
>
> THE COURT: Okay.
>
> MR. MAY: The general punishment. But after the trial was over, we did have a lot of discussions about the specifics of the enhancements.
> ...

(S. Tr. at 35).

While the United States argues that Mr. May's comments establish that Hinojosa was informed prior to trial that he faced a significant punishment, the Court finds that the record is unclear as to exactly what Mr. May told Hinojosa, and when (i.e., prior to or after trial).

If Hinojosa's allegations are true, it is clear that he has established the first of the Strickland prongs, i.e, that his counsel's performance was deficient because it fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 687.  As the Fifth Circuit has clearly stated:

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by Strickland.  When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. ...   By grossly underestimating [the defendant's] sentencing exposure ..., [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

Grammas, 376 F.3d 433, 436-37 (5th Cir. 2004) (internal citations omitted) (alterations in original). Thus, the Court concludes Hinojosa is entitled to an evidentiary hearing as to whether or not his counsel was deficient.  See Rule 8, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; see also United States v. Herrera, 412 F.3d 577 (5th Cir. 2005) (remanding § 2255 motion for evidentiary hearing before the district court where the record was unclear as to whether attorney improperly advised defendant of his maximum sentencing exposure).

The record in this case also is unclear as to whether or not Hinojosa can establish the prejudice prong of his first claim.  The Grammas court noted that "any amount of actual jail time has Sixth Amendment significance."  376 F.3d at 438.  Thus, if Hinojosa would have received a lesser punishment had his counsel not been deficient, then he can establish prejudice.  See id.

The current record does not reflect what plea agreement was offered or discussed, if any, nor does it definitively show whether Hinojosa would have pleaded guilty, had he known of his true

sentencing exposure.[3]  See, e.g., Grammas, 376 F.3d at 438-39 (it was a question of fact whether the defendant would have pleaded guilty had he been properly counseled as to his potential punishment); Herrera, 412 F.3d at 582 (noting that the evidentiary hearing would assist the district court in determining whether the defendant relied on his attorney's alleged misrepresentations in rejecting the government's plea offer).  Notably, however, had Hinojosa pleaded guilty, he likely would have received some credit for acceptance of responsibility, resulting in a lower guideline range.  See Grammas, 376 F.3d at 439 n.5.  Thus, there is also the potential that Hinojosa suffered prejudice.

Accordingly, an evidentiary hearing is required to further develop the record on this claim. If the Court grants him relief on this claim, it appears that one possible remedy may be to permit Hinojosa to plead guilty and to resentence him.  If that occurs, his remaining claims will be rendered moot. Accordingly, the Court will not address those claims at this time.  If, at the conclusion of the hearing, the Court denies relief on Hinojosa's first claim, it will then address his remaining grounds for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Hinojosa was denied effective assistance of counsel due to his counsel's alleged failure to inform him of his true sentencing exposure.  **The evidentiary hearing is set for Tuesday, January 24, 2006 at 9 a.m.**

Hinojosa is entitled to be represented by counsel at the hearing.  See Rules Governing Section

---

[3]  In its response, the government seizes upon Mr. May's declaration that he would not have advised Hinojosa to plead guilty had he known of the likely imposition of the ACCA, because he was certain Hinojosa would be found innocent.  From this, the government argues that Hinojosa would not have pleaded guilty, and thus no prejudice can be shown. (D.E. 86 at 16).  This argument ignores the fundamental premise that it is the client's decision as to whether or not to plead guilty, not the attorney's.  Thus, even if Mr. May would not have recommended a guilty plea, Hinojosa could still have chosen to plead guilty, had he been properly informed of the possible sentence.  Thus, there is the potential for prejudice.

2255 Motions 8(c).   Because he already is represented by retained counsel in these proceedings, it is not necessary to appoint new counsel for him.

Finally, Hinojosa's motion for leave to file a reply (D.E. 89), and motion for leave to file additional recent case authority (D.E. 91) are both GRANTED.  The Court has considered all of the materials filed by Hinojosa.

It is so ORDERED this 30th day of October 2005.

Janis Graham Jack
United States District Judge